this case appellant had wholly failed to file any appeal bond, and his motion in the Circuit Court was to file an appeal bond *nunc pro tunc*. As no appeal bond had been filed the Circuit Court had acquired no jurisdiction and had no power to sustain the cross-motion of appellant for leave to file a bond, but it properly and necessarily sustained the motion of appellee to dismiss the appeal. Appellant's contention that it is not necessary that a bond be filed if the County Court so orders or makes no order for a bond to be filed is based upon section 11 of the Probate Court Act (J. & A. ¶ 3269), which provides that appeals from the final orders, judgments and decrees of the Probate Courts to the Circuit Courts of their respective counties may be taken upon the appellant giving bond in security in such amount and upon such condition as the court shall approve.

Appellant's theory is that under this section the Probate Court may make an order that no bond whatever be filed. We do not agree to this construction of the law, but even if it were correct that provision of the law could not be availed of here as it is part of the act providing for the establishment of Probate Courts in counties having a population of 70,000 or more, and does not apply to County Courts acting as Probate Courts in counties having less population, like Perry county, where these proceedings took place.

The judgment of the Circuit Court, dismissing the appeal of the executor from the County Court, will be affirmed.

*Judgment affirmed.*

---

**Ella Stafford, Appellee, v. H. E. Kimmel, Executor, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Perry county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

286 APPELLATE COURTS OF ILLINOIS.

Diehl v. East St. Louis Light and Power Co., 188 Ill. App. 286.

## Statement of the Case.

Ella Stafford was allowed seven hundred and fifty dollars as a claim against the estate of Matthew Laxon, deceased, for services rendered deceased as a house-keeper and nurse. H. E. Kimmel, executor, prayed an appeal to the Circuit Court from the order of the County Court, allowing the claim. A transcript was filed and the case docketed in the Circuit Court where the claimant made a motion to dismiss the appeal for want of an appeal bond, and the motion was sustained and the appeal dismissed.

The questions raised on this appeal are identical with those involved in the case of *Stafford v. Kimmel*, p. 281, *ante,* and the decision in that case *held* controlling.

B. W. POPE, for appellant.

GEORGE W. DOWELL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

---

## William Diehl, Appellee, v. East St. Louis Light and Power Company, Appellant.

1. ELECTRICITY, § 27*—*when evidence sustains recovery for injuries resulting from fall of glass insulator from pole.* In an action against an electric light and power company for personal injuries sustained by plaintiff by reason of a defective glass insulator falling from a cross arm of one of defendant's poles situated at the edge of a sidewalk, *held* that a verdict for plaintiff was sustained by the evidence, it appearing that the insulator had been left attached to the arm without being used to support wires for several years, and that for a month or two before the accident its cracked condition was easily discernible upon examination.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.